[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 22, 2011
JOHN LEY
CLERK

No. 10-14087
Non-Argument Calendar

_____

D.C. Docket No. 9:10-cr-80056-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAGDALENO GONSALES CAMPOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2011)

Before BARKETT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Magdaleno Gonsales Campos appeals his 36-month sentence, imposed after

he pled guilty to illegal reentry after previously being deported in violation of 8

U.S.C. § 1326(a) and (b)(2). Campos argues that he should not have received a 16-level enhancement under U.S.S.G. § 2L1.2(b) for having previously been deported after a felony conviction for a drug trafficking offense. He argues that his prior state conviction was not for a "drug trafficking offense," as defined by the Sentencing Guidelines, because "intent to distribute" is not an element of the North Carolina statute under which he was convicted.[1]

The district court properly held that Campos's objection to the 16-level enhancement was foreclosed by this Court's decision in *United States v. Madera-Madera*, 333 F.3d 1229 (11th Cir. 3002), in which we expressly rejected the argument that § 2L1.2's definition of "drug trafficking offense" requires that intent to distribute be an element of the statute of conviction, and held that "federal law [] permits an inference of intent to distribute from a defendant's possession of a significantly large quantity of drugs." *Id.* at 1233 (citation omitted). *See also United States v. James*, 430 F.3d 1150 (11th Cir. 2005) (relying

---

[1] We review "questions of law arising under the Sentencing Guidelines *de novo*." *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) (quotation omitted). "Federal law, not state law, controls the application of the Sentencing Guidelines." *Madera-Madera*, 333 F.3d 1228, 1231 n.2 (11th Cir. 2003).

on *Madera-Madera* to hold that intent to distribute can be inferred from the defendant's possession of between 200 and 400 grams of cocaine).[2]

Campos was previously deported after a felony conviction for "trafficking in cocaine" by possessing "200 grams or more, but less than 400 grams," in violation of N.C. Gen. Stat. § 90-95(h)(3)(b). Accordingly, under *Madera-Madera* and *James*, the district court did not err in applying a 16-level enhancement to Campos's guidelines range under U.S.S.G. § 2L1.2(b).

**AFFIRMED.**

---

[2] We recognize that the Fifth, Sixth, Ninth and Tenth Circuits disagree with our analysis in *Madera-Madera.* However, *Madera-Madera* and *James* are binding precedent in this Circuit, which we are bound to follow unless and until they are overruled en banc or by the Supreme Court. *See United States v. Smith*, 122 F.3d 1355, 1359 (11th Cir. 2000).